UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GERALD HOBSON | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | JURY TRIAL DEMANDED |
| CVS PHARMACY, INC. a subsidiary of | § | |
| CVS HEALTH CORPORATION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GERALD HOBSON, Plaintiff, complaining of CVS PHARMACY, INC. a subsidiary of CVS HEALTH CORPORATION (hereinafter referred to as õCVSö) Defendant and would show the Court and Jury as follows:

## II.

## NATURE OF THE SUIT

1.01   Plaintifføs claims are brought in accordance with Chapter 74 of the Texas Civil Practice & Remedies Code.

1.02   Plaintiff has given notice to Defendant of their intention to assert a healthcare liability claim arising from a misfilled prescription by Defendant, in accordance with § 74.051 of the Texas Civil Practice and Remedies Code; all conditions precedent have been met or satisfied.

1.03   Plaintiff avers that the Damage Limitation provisions contained in Chapter 74 of the Texas Civil Practice & Remedies Code are unconstitutional under the Unites States Constitution and/or the Constitution of the State of Texas.

## II.

## PARTIES

2.01    Plaintiff is resident of Atlanta, Cass County, Texas.

2.02    Defendant, CVS PHARMACY, Inc. is a subsidiary of CVS Health Corporation, is a foreign corporation organized and existing under the laws of the State of Rhode Island, whose principal office is located at One CVS Drive, Woonsocket, RI 02895, Providence County, State of Rhode Island.  Upon information and belief, CVS does business in the State of Texas and in the Eastern District of Texas.  CVSøbusiness in the State of Texas is evidence in part by its maintenance of multiple business locations in Texas and having a registered agent in Texas and may be served with process by serving its registered agent for service of process, C.T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION AND VENUE

3.01    The court has jurisdiction over the lawsuit because this suit involves diversity jurisdiction pursuant to Section 28 U.S.C. 1332(a). Specifically, there is diversity between the parties because the plaintiff is a citizen of Texas, and the defendant is a foreign corporation operating out of Rhode Island.  Additionally, the amount in controversy exceeds $75,000.

3.02    Venue is proper in the Marshall Division of the Eastern District of Texas in that all or a significant portion of plaintiffs claims and/or causes of action accrued in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a).

3.03    Plaintifføs claims are brought in accordance with Chapter 74 of the Civil Practice & Remedies Code.

3.04   Plaintiff timely provided notice to Defendants of their intention to assert a healthcare liability claim arising from the medical care and treatment in accordance with §74.051 of the Civil Practice & Remedies Code; all conditions precedent have been met or satisfied.

## IV.

## FACTS

4.01   Plaintiff, Gerald Hobson, at all times material hereto, was a patient under the care of Defendant having sought Defendant's professional expertise, judgment, skill, competence, advice, care and pharmaceutical services for a medical condition.

4.02   Plaintiff, Gerald Hobson had his prescription for Digoxin 250 MCG (tablet) filled at the CVS Pharmacy Store #1368 located at 101 Loop 59 North, Atlanta, Texas 75551 per Dr. Joe Dan Nichols (ordering physician) and filled by Pharmacist Steve Buerger on April 1, 2015.  Steve Buerger was an employee of CVS Pharmacy and negligently dispensed the wrong medication while operating in the course and scope of his employment for Defendant.

4.03   On the morning of April 9, 2015, unbeknownst to Plaintiff, CVS and Pharmacist Steve Buerger and/or his technicians filled his Digoxin medication, Rx #315133, but this prescription contained at least 23 Ambien instead of his prescribed Digoxin medication.

4.04   Shortly after taking what he thought was his Digoxin medication and while operating his vehicle, the Ambien began to effect his cognitive abilities which resulted in Plaintiff having two motor vehicle accidents within a short time period of each other.

4.05   Plaintiff sustained permanent injuries in these accidents.

## V.

## **CAUSES OF ACTION FOR MEDICAL MALPRACTICE**

5.01    Plaintiff re-alleges and incorporate by reference the allegations contained in paragraph 4.01 through 4.05.

5.02   At all times material, Defendants are liable to Plaintiff for damages resulting from their negligence.  At all times material, Defendants held themselves out to the public, as a well-qualified Pharmacy/Pharmacist and competent to fill prescriptions.

5.03 Defendant is both vicariously and directly liable in this case because its employees deviated from the standard of care and because the Pharmacy failed to establish and/or follow policies and procedures necessary to protect people like Mr. Hobson.  Such negligence is a proximate cause to the injuries sustained by Plaintiff.  See specific factual allegations above.

5.04 Defendant, their agents, servants and/or employees, were guilty of certain acts, wrongs and/or omissions, each and every, all and singular, of which taken separately and/or collectively, constitute negligence and a direct and proximate cause of the injuries and damages set forth below.  Said acts, wrongs, and/or omissions include, without limitation, the following:

- a. In failing to properly dispense prescription medication according to the standards set by the Texas State Board of Pharmacy;

- b. In failing to adopt and adhere to policies designed to prevent accidental dispensing of incorrect prescription medication to the patient;

- c. In failing to notify Plaintiff when it was discovered he had been provided the wrong medication;

- d. In failing to properly communicate to Plaintiff the information necessary to the Plaintiff's welfare according to the standards set by the pharmaceutical profession;

    e.      Failing to observe and use the ordinary care and diligence in providing care and treatment for Plaintiff that reasonable and prudent pharmacists and pharmacies would have employed under the same or similar circumstances;

    f.      Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to the dispensing of appropriate prescription medication to patients, and failing to train, employ, and provide appropriate personnel to carry out such policies and procedures;

    g.      In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail a the time of trial.

5.05    The negligent acts and/or omissions of Defendants as set forth above, were a proximate cause of the injuries to Gerald Hobson. Plaintiff's own conduct did not contribute to the injuries, and, but for the negligence of the Defendant, Plaintiff would not have been injured in the manner and to the extent he was.

## VI.

## DAMAGES

6.01    Defendant's breach of duty proximately caused injury to Plaintiff which resulted in the following past and future damages:

    a.      Reasonable medical care and expenses in the past. These expenses were incurred by plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and necessary;

    b.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.      Physical pain and suffering in the past;

    d.      Physical pain and suffering in the future;

    e.      Physical impairment in the past;

    f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.      Disfigurement in the past;

    h.    Disfigurement in the future;

    i.    Loss of wage earning capacity in the past; and

    j.    Loss of wage earning capacity in the future.

## VII.

## JURY DEMAND

7.01. Plaintiff requests a jury trial and tenders the required jury fee.

## VIII.

## PRAYER FOR RELIEF

8.01    Plaintiff asks that this Court enter:

    a.    A judgment in favor of plaintiff;

    b.    An award of damages as explained in paragraph VII above,

    c.    Costs, pre and post-judgment interests, and other special damages in accordance with the relief Plaintiff is entitled, and

    d.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,



The Arcadia Theater
121 N. Spring Avenue
Tyler, Texas 75702
(903) 526-1600 Telephone
(903) 595-0796 Telefax
rmartin@martinwalkerlaw.com


BY: /s/ Reid Wm. Martin
  REID WM. MARTIN
  Bar No. 13098986

ATTORNEY FOR PLAINTIFF,
GERALD HOBSON